IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| S.J., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 2:20-cv-04036-MDH |
| vs. | ) |
| | ) |
| JENNIFER TIDBALL, et al, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# ORDER

Before the Court are the following: Defendants Jennifer Tidball, in her official capacity as an Acting Director of the Department of Social Services, and the Department of Social Services ("DSS") Motion to Dismiss (Doc. 35); and Defendants Jennifer Tidball, in her official capacity as an Acting Director of the Department of Social Services, and the Department of Social Services ("DSS") Motion to Strike and Motion for More Definite Statement (Doc. 37). The motions have been fully briefed and the Court having heard oral argument on the issues presented finds the motions are ripe for review.[1] For the reasons set forth here the Motions are denied.

## BACKGROUND

Plaintiffs have filed this action seeking declaratory and injunctive relief on behalf of 9 individual plaintiffs and The Caring for Complex Kids Coalition alleging Defendants are violating requirements of the Medicaid Act by failing to comply with the Early and Periodic Screening, Diagnostic, and Treatment ("EPSDT") provisions of the Medicaid Act by failing to provide case management services and arrange for private duty nursing services ("PDN") in the homes of the

---

[1] Plaintiffs have also filed a Motion for Preliminary Injunction. (Doc. 23). The Court does not take up that motion at this time.

1

Plaintiffs. Plaintiffs also allege that the Defendants are in violation of certain provisions of the Americans with Disabilities Act ('ADA") and Section 504 of the Rehabilitation Act (Section 504) due to the failure to arrange for PDN.  It is undisputed that the individual Plaintiffs have significant medical conditions that have been determined by health care providers to require some level of PDN.  The dispute stems from Defendants' obligations to provide the PDN and to what extent those obligations extend.

Plaintiffs take the position that Defendants are responsible for not only approving and paying for the care, along with providing Plaintiffs a list of entities providing PDN, but for also going beyond providing a list and either actually hiring and providing nurses to perform PDN or assisting the Plaintiffs beyond referrals.  Defendants argue the Medicaid Program is not a medical provider and was never intended to be.  Defendants state they make medical assistance available and that their duty does not extend to actually providing the services for Plaintiffs.

Section 1396a (a)(10)(A) states that the State plan for medical assistance must provide for making medical assistance available and further "[t]he term 'medical assistance' means payment of part or all of the cost of the following care and services or the care and services themselves, or both . . ."   Defendants argue the term "or" is significant and provides them with a choice to do one or more of the options listed but does not require all the options identified.

Plaintiffs state they have brought their claims under three statutes designed to protect them. First, is the EPSDT provision of the Medicaid Act, which requires the state Medicaid agency to "arrang[e] for (directly or through referral to appropriate agencies, organizations, or individuals) corrective treatment" that a Medicaid-enrolled child needs. 42 U.S.C. § 1396a(a)(43)(C); id. at §§ 1396a(a)(10)(A), 1396d(a)(4)(B), 1396d(r)(5) (requiring coverage of listed services when necessary to "correct or ameliorate" a child's condition), and 1396d(a)(8) (listing private duty

nursing as a covered service). Plaintiffs also bring claims under the ADA and Section 504 of the Rehabilitation Act, which both prohibit discrimination based on disability. See 42 U.S.C. § 12132; and 29 U.S.C. § 794(a).

Defendants move to dismiss Plaintiffs' claims arguing this Court lacks jurisdiction; the declaratory judgment act does not provide an independent cause of action; Plaintiffs do not have a private right to pursue a § 1983 claim for violation of the Medicaid Act; and Plaintiffs fail to state a claim under the ADA and Rehabilitation Act.

## STANDARD OF REVIEW

**Fed. R. Civ. P. 12(b)(1)**

"Federal jurisdiction is limited by Article III, § 2, of the U.S. Constitution to actual cases and controversies." *Steger v. Franco, Inc.,* 228 F.3d 889, 892 (8th Cir. 2000). A plaintiff's standing is a threshold question in every case that affects the court's power to hear the suit. *Id*. "To show Article III standing, a plaintiff has the burden of proving: (1) that he or she suffered an 'injury-in-fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Id.,* citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). An injury-in-fact exists where the plaintiff has sustained, or is in immediate danger of sustaining, a concrete and particularized harm that is "'actual or imminent, not conjectural or hypothetical.'" *See Id.*

"In order to properly dismiss [a case] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (internal citations omitted). In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are

presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *Id.* (internal citations omitted).

**Fed. R. Civ. P. 12(b)(6)**

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## DISCUSSION

Defendants' motion to dismiss argues the following reasons for dismissal of Plaintiffs' claims: 1) Plaintiffs lack standing to bring their claims; 2) Plaintiffs cannot state an independent cause of action under the Declaratory Judgment Act so there is no jurisdiction; 3) Plaintiffs cannot state a claim under 42 U.S.C. § 1983 because there is not a private right to enforce alleged violations of the Medicaid Act; 4) Plaintiff Caring for Complex Kids Coalition lacks standing; and

5) Plaintiffs have failed to allege a claim under the Americans with Disability Act and the Rehabilitation Act.

First, Defendants argue Plaintiffs do not have standing because they have failed to allege an "injury-in-fact." Specifically, Defendants argue Plaintiffs lack standing because their claims fail to allege an actual harm or injury that is concrete and particularized and actual or imminent. Defendants contend the Medicaid Act is written with a focus on being regulated and not to create individually enforceable rights. Defendants believe the Medicaid Act is written to describe what a state must do to become eligible for federal funds, requiring the state to establish a plan and remain in compliance, and does not focus on individual rights. Defendants also argue that the possibility of future hospitalization or institutional placement is speculative and does not constitute an injury in fact. Finally, Defendants contend the alleged injury is not fairly traceable to the conduct of the Defendants.

Here, the Court must construe the allegations in a light most favorable to Plaintiffs. Whether Plaintiffs will ultimately prevail on their claims is not the issue before the Court. Plaintiffs have alleged that they are not receiving the private duty nursing services that have been found medically necessary for them by Defendants. It is undisputed that the children are at serious risk of significant adverse health consequences without the services. The dispute is not about the necessity of these services for the children. The concerns about their care are not hypothetical or speculative. As a result, the allegations regarding the failure to receive these services constitutes an injury in fact. The Plaintiffs have alleged that they are facing imminent institutionalization and this has been found sufficient to state a claim. *See e.g., Hiltibran v. Levy*, No. 10-4185-CV-C-NKL, 2010 WL 6825306, at *4 (W.D. Mo. Dec. 27, 2010). Plaintiffs have also alleged these harms are traceable to Defendants by the alleged failure to take necessary steps to arrange for PDN.

The facts here are similar to those raised before the Ninth Circuit in *O.B. v. Norwood*, 838 F.3d 837, 839 (7th Cir. 2016). The Ninth Circuit affirmed a preliminary injunction in favor of Plaintiffs who were children approved for home nursing. In *O.B.* the court granted Plaintiffs requested relief that was based on EPSDT treatment services, including private duty nursing services, similar to the relief requested here. *Id.* The Eighth Circuit has also stated that Medicaid beneficiaries have federal rights that can be enforced: "Section 1983 provides a federal cause of action against anyone who, acting pursuant to state authority, violates any 'rights privileges or immunities secured by the Constitution and laws' of the United States. 42 U.S.C. § 1983. A remedy is available under § 1983 for violations of federal statutory and constitutional law." *Pediatric Specialty Care, Inc. v. Arkansas Dep't of Human Servs*., 293 F.3d 472, 477–78 (8th Cir. 2002) (internal citation omitted).[2] The Eighth Circuit noted that the EPDST provision intended to benefit children who are entitled to services under that provision are enforceable by Plaintiffs. Here, the Court is not ruling as to the merits of the claims but finds Plaintiffs have pled enough to survive a motion to dismiss based on their allegations and the case law argued by the parties. Whether Plaintiffs can ultimately prevail on their claims is not presently before the Court.

The Court also finds Plaintiffs have alleged a claim under the ADA and the Rehabilitation Act in order to survive the motion to dismiss. The ADA prohibits from discriminating against individuals with disabilities by violating the integration mandate: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the

---

[2] Defendants state they recognize that this case reached a conclusion that there was a federal right to EPSDT under the Medicaid Statute but argue the analysis in *Midwest Foster Care and Adoption Ass'n v. Kincade*, 712 F.3d 1190, 1202 (8th Cir. 2013) and *Janes Does, et al v. Gillispe*, et. al, 867 F.3d 1034, 1041 (8th Cir. 2016) supersedes the analysis in *Pediatric Specialty Care, Inc.* and requires a new analysis of the provisions of the EPSDT in the Medicaid Act to address whether the EPSDT section provides a federal right. Additionally, Defendants argue the decision was prior to the 2010 amendment of the definition of "medical assistance" in 42 USC 1396d. (Doc. 49).

benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Hiltibran v. Levy*, No. 10-4185-CV-C-NKL, 2010 WL 6825306, at *4 (W.D. Mo. Dec. 27, 2010); citing 42 U.S.C. § 12132. "Section 504 of the Rehabilitation Act applies the same standards to entities that receive federal financial assistance: 'No otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.'" *Id.* citing 29 U.S.C. § 794(a). "As the Supreme Court held in *Olmstead v. L.C.*, 527 U.S. 581 (1999), public entities are required to provide community-based services to person with disabilities when (1) such services are appropriate; (2) the affected persons do not oppose community-based treatment; and (3) community-based services can be reasonably accommodated, taking into account the resources available to the entity and the needs of other persons with disabilities." *Id.* Here, Plaintiffs have stated a claim under both statutes.

Defendants also contend Plaintiff CCKC does not have organizational standing to bring a claim because an association has standing only when (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Citing Hunt v. Washington Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977) (abrogated in part on other grounds.)

Here, M.S. has filed suit as next friend of T.S. and is a member and president of CCKC. CCKC's other members are caretakers of children with medically complex conditions, including the next friends of the children in this case, and CCKC challenges Defendants to provide the private duty nursing services that have been determined to be needed for the children. For

purposes of the motion to dismiss, the Court finds CCKC has alleged its members are Missouri residents who are enrolled in Medicaid and are not receiving the private duty nursing that Defendants have found they need. The Court denies the motion to dismiss CCKC.

## MOTION TO STRIKE

Defendants move to strike numerous paragraphs from the Complaint arguing they are impertinent and irrelevant to Plaintiffs' claims. (Doc. 38). Plaintiffs' Complaint asserts claims under three federal statutes on behalf of nine individual children and one organizational Plaintiff. The Court has reviewed the Complaint and finds no basis to strike the allegations describing the context for the Plaintiffs' claims based on their alleged circumstances, lives, and medical needs. Further, Defendants are on notice of the Plaintiffs' claims and the Court finds no basis to grant a motion for more definite statement. This motion is denied.

## CONCLUSION

Wherefore, for the reasons set forth herein, the Court denies Defendants' Motion to Dismiss and Motion to Strike. The Court further appoints Jeff Schaeperkoetter as mediator in this case. The Court **ORDERS** the parties to mediate the claims set forth in this matter with Jeff Schaeperkoetter. The mediation shall be conducted within 30 days of the date of this Order unless the time is extended by the mediator for good cause. The parties shall contact Mr. Schaeperkoetter to discuss scheduling the mediation. A status report shall be submitted to the Court within 10 days of completion of the mediation advising the Court of the status of the case. The Court stays the pending motion for preliminary injunction until after the mediation has been conducted.

**IT IS SO ORDERED.**

Dated: September 10, 2020                 */s/ Douglas Harpool*
                                          Douglas Harpool
                                          United States District Court